**Ronald G. DAVIS, Appellant,**

v.

**R. F. ZAHRADNICK, Appellee.**

No. 78–6311.

United States Court of Appeals, Fourth Circuit.

Argued June 8, 1979.

Decided June 29, 1979.

Wm. J. Doran, III, Richmond, Va., for appellant.

Burnett Miller, III, Asst. Atty. Gen., Richmond, Va. (Marshall Coleman, Atty. Gen., Richmond, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BUTZNER and RUSSELL, Circuit Judges.

PER CURIAM:

In this civil rights suit under 42 U.S.C. § 1983, the district court granted summary judgment against Virginia inmate Davis. We vacate and remand the case for trial.

[1] Proceeding *pro se*, Davis filed a verified complaint naming a guard and the prison warden as defendants. Davis alleged that he was assaulted by a fellow inmate, that the guard watched the knifing attack without acting to protect him, and that after the fight the guard denied him prompt and adequate medical care. Davis further alleged the warden had failed to control his subordinates and that this dereliction caused Davis' injuries.[1]

The defendants promptly sought dismissal of the complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The motion was supported by affidavits from guard Givens and a prison physician; the defendant warden did not file an affidavit. The affidavits contradicted the verified complaint and tended to exonerate the defendants. Davis subsequently filed a discursive document called an "affidavit" which realleged the matter pleaded in his complaint, but did not

1. By alleging and swearing that warden Zahradnick had neglected his duty to supervise and control the prison guards, Davis proceeded upon a proper theory of § 1983 liability, and not upon the discredited *respondeat superior* doctrine. The warden filed no affidavit.

respond to the defendants' affidavits. The district court granted summary judgment for defendants, finding no contested issues of facts.

We vacate the entry of summary judgment and order that the case be tried. The factual allegations of the verified complaint establish a *prima facie* case for relief under § 1983. Under Fed.R.Civ.P. 56 this genuine issue as to the material facts of the incident precluded summary judgment. Although summary judgment under Rule 56 is a useful device for adjudicating prisoner § 1983 claims, it may not be invoked where, as here, the affidavits present conflicting versions of the facts which require credibility determinations.

We further note that procedural error requires a remand. The defendants filed a Fed.R.Civ.P. 12(b)(6) motion supported by affidavits. The court accepted these documents and rendered summary judgment based upon them, thus converting the 12(b)(6) motion into a motion for summary judgment under Fed.R.Civ.P. 56. The conversion was effected without any explanation to Davis that the motion to dismiss would be treated as one for summary judgment. The omission of some form of notice was error, for Rule 12(b) requires:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given *reasonable opportunity* to present all material made pertinent to such a motion by Rule 56. (emphasis added).

The term "reasonable opportunity" in Rule 12(b) embraces the requirement that the court give some notice to all parties that it is treating the 12(b)(6) motion as one for summary judgment. *Plante v. Shivar,* 540 F.2d 1233, 1235 (4th Cir. 1976); *Johnson v. RAC Corp.,* 491 F.2d 510, 513–14 (4th Cir. 1974); C. Wright & A. Miller, Federal Practice and Procedure § 1366 at 683 (1969). Such notice must be reasonably calculated to inform the nonmoving party of the conversion, and of his right to file countering affidavits or to undertake reasonable discovery in an effort to produce a triable issue of fact. *Plante v. Shivar, supra; Johnson v. RAC Corp., supra.* The lack of notice explains why Davis did not respond in fashion appropriate for one faced with a motion for summary judgment. *Cf. Blanks v. Register,* 493 F.2d 697 (4th Cir. 1974).

Because Davis was never told of the pending motion for summary judgment, he, of course, was not given notice as required by *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975). This omission likewise warrants a remand. *Roseboro* requires that before a motion for summary judgment is granted, the *pro se* plaintiff must be advised of his right to file counteraffidavits or other responsive material and that he be alerted to the fact that his failure to so respond might result in the entry of summary judgment against him. 528 F.2d at 310. In addition, the *Roseboro* notice must be sufficiently clear to be understood by a *pro se* litigant and calculated to apprise him of what is required under Rule 56. *Id.; Hudson v. Hardy,* 134 U.S.App.D.C. 44, 47, 412 F.2d 1091, 1094 (1968).

Although these procedural errors would normally warrant a remand, we see no need for further consideration of the motion for summary judgment. As we have noted, a triable issue of fact is apparent. Accordingly, we remand for a trial on Davis' claims.

*VACATED AND REMANDED WITH INSTRUCTIONS.*