804 F.2d 1250
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mark Howard ALOISI, Plaintiff-Appellant,
v.
R.E. MORGAN, CO., IV; R.A. Morris, CO., II; M.K. Ecton,
CO., II, Defendants-Appellees.
 No. 86-6717.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 24, 1986.
Decided Nov. 11, 1986.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (C/A No. 85-3374-JFM)
 Mark Howard Aloisi, appellant pro se.
 Stephen Howard Sachs, Rex C. Schultz, Office of the Attorney General of Maryland, for appellees.
 D.Md.
 VACATED AND REMANDED.
 Before HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Mark Aloisi, a former Maryland inmate, appeals from the district court's entry of summary judgment in favor of the defendants on his 42 U.S.C. Sec. 1983 complaint. Aloisi alleges, in his complaint, that: (1) he was beaten without provocation by four guards for thirty minutes in an isolation cell; (2) that one of the guards hit him in the face prior to the beating; (3) that another guard slammed him down the stairs on the way to the isolation cell. The district court decided, based on an affidavit filed by one of the defendants to which Aloisi did not respond, that Aloisi's constitutional rights were not violated. For the reasons given below, we vacate the judgment of the district court.
 
 
 2
 The issue here is whether summary judgment was properly entered against Aloisi because he did not respond to defendant Morgan's motion for summary judgment as required by Fed.R.Civ.P. 56. The rule permits summary judgment where no response is made to the motion. If Aloisi had filed a verified complaint, he could now rely on Davis v. Zahradnick, 600 F.2d 458 (4th Cir.1979), which allows a prisoner who files a verified complaint to rely on his pleading in resisting a motion for summary judgment. Aloisi did not file a verified complaint, however; he simply used a form provided for prisoners who wish to begin a Sec. 1983 action.
 
 
 3
 Nevertheless, Aloisi may resist summary judgment on the ground that he received no notice that a failure to respond might result in an entry of summary judgment against him. Such notice must be given to a pro se litigant, in a form which is sufficiently understandable to one in his position, so that he is fairly warned of what is required of him, before summary judgment can be entered against him, based on his failure to respond. Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir.1975). The record does not show that Aloisi was so notified.
 
 
 4
 Accordingly, we find that the district court improperly entered summary judgment for the defendants. We vacate the judgment and remand for further proceedings. Because the dispositive issues have recently been dealt with authoritatively, we dispense with oral argument.
 
 VACATED AND REMANDED