846 F.2d 75
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Melvin C. WILSON, Plaintiff-Appellant,
v.
Michael C. SAMBERG, Warden, Defendant-Appellee.
 No. 87-7637.
 United States Court of Appeals, Fourth Circuit.
 March 17, 1988.
Decided April 25, 1988.
 
 Melvin C. Wilson, appellant pro se.
 William W. Muse, Assistant Attorney General, for appellee.
 Before MURNAGHAN, SPROUSE, and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Melvin C. Wilson appeals from the district court's order entering summary judgment for the defendants in his 42 U.S.C. Sec. 1983 action. Wilson brought this suit against the Warden of Virginia State Penitentiary and other prison personnel alleging that:
 
 
 2
 1. his commode was broken for thirty-seven days;
 
 2. a prison lockdown was unlawful
 
 3
 3. behavior modification programs were unconstitutional;
 
 
 4
 4. he was denied food;
 
 
 5
 5. a meal ticket program was unconstitutional;
 
 
 6
 6. he was denied due process;
 
 
 7
 7. he was illegally placed in punitive confinement; and
 
 
 8
 8. meals were unsanitary and insufficient.
 
 
 9
 After reviewing the record and the district court's opinion, we find that entry of summary judgment for the defendants was proper on all claims except Wilson's claim that his commode was broken for thirty-seven days.[1]
 
 
 10
 Wilson's description of his broken commode, if taken as true, may well state a claim for cruel and unusual punishment. Goodson v. City of Atlanta, 763 F.2d 1381, 1386-88 (11th Cir.1985) (overflowing toilets with feces on the cell floors together with other unsanitary conditions violated constitutional rights); LaFaut v. Smith, 834 F.2d 389 (4th Cir.1987) (prolonged failure to provide handicapped inmate access to accessible toilet facilities violated constitutional rights); LaReau v. MacDougall, 473 F.2d 974, 978 (2d Cir.1972) (causing man to live, eat, and perhaps sleep in close confines with his human waste is too debasing and degrading to be permitted), cert. denied, 414 U.S. 878 (1973).
 
 
 11
 Wilson and the Warden agree on the following facts. The commode was inoperable during lockdown, and Wilson made several requests that it be fixed. One plumber made one attempt to fix the toilet during this period but was unsuccessful. The commode remained inoperable for thirty-seven days.
 
 
 12
 The matters in dispute concern Wilson's claims that sewage backed up from his toilet regularly, flooded his cell, and remained on the floor because he was denied cleaning materials. Wilson stated that his meals were slid under the cell bars and pushed through raw sewage. He stated that he developed a skin rash from close proximity to open sewage. Wilson and an inmate plumber, who finally fixed Wilson's commode, submitted affidavits stating that when other inmates flushed their commodes, their waste would back up through Wilson's commode. Wilson, the plumber, and an inmate housed next to Wilson all submitted affidavits stating that Wilson's cell floor was covered with sewage. The inmate housed next to Wilson stated that he also complained to the guards about the situation because the waste would accumulate in front of his cell and his food also was slid through sewage. He stated that he became so ill he had to be hospitalized. The inmate plumber who fixed the commode stated that the parts needed for the job were available at the prison. Finally, a prison guard submitted a notarized statement to the effect that Wilson had notified him during lockdown that his toilet had overflowed. The guard substantiated that inmates were denied cleaning materials, they could not leave their cells during the first ten days of the lockdown, and all food was pushed under the cell bars in trays.
 
 
 13
 The Warden and another guard submitted affidavits stating that they were not aware of any waste in Wilson's cell. They stated that the delay in fixing the commode was the result of waiting for ordered parts. A doctor submitted an affidavit stating that Wilson's rash could not have been caused by close proximity to open sewage.
 
 
 14
 For purposes of summary judgment, the court is obliged to credit the facts which favor Wilson. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir.1980). Accordingly, summary judgment is not appropriate in a case like this when the resolution of material factual issues depends upon credibility determinations. Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir.1979).
 
 
 15
 Thus, we affirm the district court's dismissal of Wilson's claims with the exception of his allegation of a broken commode. As to this claim, we vacate and remand the case for further factual development. As the facts and legal arguments are adequately presented in the briefs and record, the decisional process would not be significantly aided by oral argument.
 
 
 16
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.
 
 
 
 [1]
 While we note that Wilson's claims against the disciplinary committee would not be barred by judicial immunity, we agree with the district court that Wilson failed to establish that the disciplinary committee violated his due process rights. Cleavinger v. Saxner, 474 U.S. 193, 199-208 (1985) (members of prison disciplinary committee are entitled to only qualified immunity)