866 F.2d 1415
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Marvin CARSON, Plaintiff-Appellant,
v.
C.W. KIDD; John Doe, Defendants-Appellees.
 No. 87-7412.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 15, 1988.
Decided: Jan. 30, 1989.
 
 Marvin Carson, appellant pro se.
 Robert Harrison Sasser, III, Womble, Carlyle, Sandridge & Rice, for appellees.
 Before WIDENER, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Marvin Carson, a North Carolina inmate, appeals from the entry of summary judgment against him in this 42 U.S.C. Sec. 1983 action. Because we discern a genuine issue of material fact, we vacate the district court's order and remand this case for further proceedings.
 
 
 2
 Carson alleged in his verified complaint that on May 17, 1985, in preparation for his transfer from the Mecklenburg County Jail to Central Prison, the defendants handcuffed him, placed him in leg irons, and took him from his cell to the first floor of the jail; that once on the first floor, the defendants put him in a holding cell where they removed his handcuffs but left his leg irons on; that the defendants thereafter decided to put his handcuffs back on because Deputy Putman said that he was trying to pick the lock on his leg irons with a comb; that he refused to leave his cell to be handcuffed because Deputy Putman was lying; that eight to ten officers or more rushed into his cell, knocked him down, beat him and then pulled him into the hallway to cuff him; that the defendants beat him, kicked him and stomped on him for about thirty more minutes before throwing him back into his cell; and that as a result of these actions, he suffered a bloody nose and mouth.
 
 
 3
 The defendants responded to Carson's allegations by filing a motion for summary judgment with supporting affidavits. The affidavits stated that Carson tried to escape from custody on two prior occasions, one of which occurred after he removed his leg irons, and that the defendants were aware of these escapes; that on the day in question Deputy Putman observed Carson in the holding cell trying to pick the lock on his leg irons with a comb; that the defendants decided that handcuffs should be put back on Carson; that Carson resisted efforts to cuff him and tried to strike one or more of the deputies; that Carson was not beaten, kicked or stomped on; that the entire incident lasted less than one minute; and that Carson was not bleeding from the nose or mouth.
 
 
 4
 The district court notified Carson that he could respond to the defendant's affidavits. When he failed to do so, the district court entered summary judgment against him.
 
 
 5
 Although Carson failed to submit counter-affidavits, his complaint was verified. The verified complaint and the defendants' affidavits created a genuine issue of material fact as to whether the force used by the defendants was reasonable and necessary to overcome Carson's resistance to being handcuffed. See Justice v. Dennis, --- F.2d ----, No. 85-1451 (4th Cir. Nov. 11, 1987). Under Fed.R.Civ.P. 56, this genuine issue of material fact precluded summary judgment. Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir.1979). Accordingly, we vacate the district court's order and remand for further proceedings. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 VACATED AND REMANDED.