888 F.2d 1385
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carson FERGUSON, Plaintiff-Appellant,
v.
Donnie G. MEADOR, Steve Ferguson, Vickie McCorkle, John Doe,
Defendants-Appellees,
and
O.S. Foster, Defendant.
Carson FERGUSON, Plaintiff-Appellee,
v.
Donnie G. MEADOR, Steve Ferguson, Vickie McCorkle, John Doe,
Defendants-Appellants,
and
O.S. Foster, Defendant.
 Nos. 89-6615, 89-6625.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 11, 1989.
Decided Oct. 18, 1989.
 
 Jim H. Guynn, Jr., Parvin, Wilson, Barnett & Hopper, P.C., on brief for appellant.
 W. Fain Rutherford, Frank K. Friedman, Woods, Rogers & Hazlegrove, on brief for appellees.
 Before WIDENER, PHILLIPS, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Carson M. Ferguson appeals from the summary judgment granted to O.S. Foster by the district court on August 31, 1989 and the summary judgment granted to Donnie G. Meador, Steve Ferguson, Vickie McCorkle and John Doe on March 28, 1989. We affirm.
 
 
 2
 Ferguson was arrested and charged with grand larceny in the state court in Virginia in December 1985. After his indictment he pled guilty and agreed to testify against Kenneth Brown and Timothy Brown, his accomplices in the grand larceny for which he had been indicted. Foster was the Sheriff of Roanoke County. Meador, Steve Ferguson and McCorkle were his deputies. On the day Ferguson was to testify against the Browns a person unknown to Ferguson transported him to the holding cell next to the courtroom. Later, Meador, Steve Ferguson or McCorkle, or all of them, placed the Browns in the same holding cell. The Browns assaulted Ferguson, but the deputies, hearing the resulting noise, returned to the cell and broke up the fight. Ferguson alleges that he was seriously injured.
 
 
 3
 Ferguson first filed a complaint in the Virginia state court naming only Foster, the Sheriff, as defendant. The Virginia state trial court granted Foster's motion for summary judgment on the basis that he was entitled to protection under the doctrine of sovereign immunity. Ferguson then brought an action in the United States District Court in Virginia and the court granted Foster's motion for summary judgment on res judicata grounds but denied the deputies' motion on those grounds. The court later considered and granted the deputies' motion for summary judgment on the basis that there was no genuine issue of material fact concerning the question of whether Ferguson's eighth amendment rights were violated.
 
 
 4
 The district court in its October 1988 opinion in the instant case interpreted the Virginia state trial court's grant of summary judgment to Foster as a ruling on the merits and finding that the other prerequisites to a res judicata bar were present granted Foster summary judgment. We affirm on the reasoning of the district court as expressed in its opinion.
 
 
 5
 Plaintiff, in response to the deputies' motion for summary judgment in the eighth amendment context, contended that the defendants had at least constructive knowledge of the circumstances concerning his pending testimony against the Browns and that their placing the Browns in the same cell with him amounted to a deliberate indifference to his safety. Ferguson, in response to that summary judgment motion, presented an affidavit indicating generally that "snitches" are at greater risk of physical assault than other inmates and that this risk should have been known to the deputies. He asserts on appeal that the deputies also had reason to know of the risk because he was scheduled to be a witness against the Browns, i.e., that the subpoena issued to him should have been available to the deputies and that the trial court's docket was posted outside of the courtroom listing parties involved in the litigation (since Ferguson was not listed as a party, the deputies should have reason to know that he was appearing as a witness).
 
 
 6
 We agree with the district court that Ferguson did not present sufficient indication of facts supporting his claim of an eighth amendment violation to create a genuine issue of material fact. Pressly v. Hutto, 816 F.2d 977 (4th Cir.1987); Whitley v. Albers, 475 U.S. 312 (1986); Davis v. Zahradnick, 600 F.2d 458 (4th Cir.1979); Estelle v. Gamble, 429 U.S. 97 (1976); and Withers v. Levine, 615 F.2d 158 (4th Cir.1980).
 
 
 7
 The summary judgments granted to Meador, Steve Ferguson, McCorkle and Doe are, therefore, likewise affirmed. We dispense with oral argument because the facts and the legal contentions are adequately presented in the materials before us and because argument would not aid in the decisional process.
 
 
 8
 AFFIRMED.