898 F.2d 149
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William H. WYATT, Jr.,
v.
D.E. HAMILTON, Detective (Police Department); Jerry Worley;
Rodney O. Mosbey; James Humes, Commonwealth
Attorney, Defendants-Appellees,
and
Lawrence R. Nowery, Individually and in his official
capacity as Chief of Police for City of
Petersburg, Virginia, Defendant.
 No. 89-7218.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 22, 1989.
Decided: Feb. 23, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (C/A No. 89-163-N)
 William H. Wyatt, Jr., appellant pro se.
 Jerry Worley, Appellee; Rodney O. Mosbey, Appellee; David C. Kohler, Michael Willis Smith, Christian, Barton, Epps, Brent & Chappell; John Adrian Gibney, Jr., Shuford, Rubin & Gibney, for appellees.
 E.D.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before K.K. HALL, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 William H. Wyatt, Jr., appeals the district court's order denying relief under 42 U.S.C. Sec. 1983. With respect to the dismissal of defendants Hume, Mosbey, and Worley, our review of the record and the district court's opinion discloses that this appeal is without merit.* Accordingly, we affirm on the reasoning of the district court. Wyatt v. Hamilton, C/A No. 89-163-N (E.D.Va. Oct. 10, 1989).
 
 
 2
 We remand the case insofar as Wyatt's claims of false arrest and conspiracy against defendant Hamilton are concerned. The district court granted Hamilton's motion for summary judgment because Wyatt failed to rebut Hamilton's version of relevant events. However, Wyatt was not warned that failure to respond might result in the entry of summary judgment against him. The entry of summary judgment under these circumstances was incorrect. See Davis v. Zahradnick, 600 F.2d 458 (4th Cir.1979); Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975).
 
 
 3
 We accordingly vacate the judgment of the district court insofar as the claims against Hamilton are concerned. The case is remanded to the district court with instructions that Wyatt be afforded the opportunity to respond to Hamilton's allegations.
 
 
 4
 We dispense with oral argument as the record and other materials before us indicate that it would not significantly aid the decisional process.
 
 
 5
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 Wyatt voluntarily dismissed defendant Nowery, and does not seek to appeal that dismissal