932 F.2d 964
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bennie WICKER, Jr., Plaintiff-Appellant,
v.
John CAMPBELL, Police Captain, Defendant-Appellee.
 No. 90-6045.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 29, 1991
Decided May 6, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. Joe F. Anderson, Jr., District Judge. (CA-89-1509-17B-6)
 Bennie Wicker, Jr., appellant pro se.
 Nancy Chastain Wicker, Leventis, Strom & Wicker, Columbia, S.C., for appellee.
 D.S.C.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 Before PHILLIPS, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bennie Wicker appeals a judgment of the district court which construed his 42 U.S.C. Sec. 1983 complaint, in which he sought damages and, if appropriate, vacation of his conviction, as a habeas petition and dismissed for abuse of the writ under Rule 9(b), Rules Governing Sec. 2254 Cases. We affirm in part and vacate in part.
 
 
 2
 The district court correctly recognized that a plaintiff may not avoid the exhaustion requirement of 28 U.S.C. Sec. 2254 by styling his claim as one for damages and filing it under 42 U.S.C. Sec. 1983. Hamlin v. Warren, 664 F.2d 29 (4th Cir.1981), cert. denied, 455 U.S. 911 (1982). Moreover, to the extent Wicker sought vacation of his conviction, such relief may only be sought through habeas, with respect to which Habeas Rule 9(b) limits the filing of successive petitions. We find no abuse of discretion in the district court's dismissal of Wicker's claim for vacation of his conviction based on Wicker's failure to assert the grounds raised here in his first federal habeas petition. See Miller v. Bordenkircher, 764 F.2d 245 (4th Cir.1985).
 
 
 3
 To the extent Wicker sought damages, however, he properly sued under Sec. 1983, to which Habeas Rule 9(b) has no application. Moreover, the fact that a damage claim implicates the validity of a conviction does not justify its dismissal; rather, a viable Sec. 1983 damage claim should be stayed on the district court's docket where the statute of limitations might expire pending exhaustion of state remedies. Hamlin, 664 F.2d at 32. We thus turn to whether Wicker has alleged cognizable damage claims which survive defendant's motion for summary judgment.
 
 
 4
 Wicker claimed that Captain Campbell, the defendant here, coerced his confession by telling him that Campbell could determine whether he would receive the death penalty and that Campbell would assure that he received it if he did not cooperate. Campbell allegedly further coerced Wicker's confession by refusing, unless he cooperated, to give him needed medical treatment, to the point that Wicker allegedly had some kind of seizure requiring that an ambulance be called. Finally, Campbell allegedly told Wicker to sign a Miranda[1] waiver form while Wicker was under the influence of medication. Although Campbell disputed these claims, Wicker's sworn complaint was sufficient to preserve a material factual dispute with respect to the claims of coercion through threats of the death penalty and refusal of medical care. See Davis v. Zahradnick, 600 F.2d 458 (4th Cir.1979). As to the allegedly involuntary Miranda waiver, however, Wicker failed to dispute a physician's affidavit to the effect that the medications he was taking would not have affected his mental capacity.[2]
 
 
 5
 Extraction of an involuntary confession by coercion is actionable under Sec. 1983 for damages "notwithstanding the coercion is psychological rather than physical." Rex v. Teeples, 753 F.2d 840, 843 (10th Cir.), cert. denied, 474 U.S. 967 (1985), cited with approval in Gray v. Spillman, 925 F.2d 90 (4th Cir.1991). Wicker's damage claim that Campbell coerced his confession by improper threats and promises is actionable under this authority although, because it implicates the validity of his conviction, it may not proceed prior to exhaustion of state remedies.[3]
 
 
 6
 Accordingly, we vacate in part the judgment of the district court and remand so these claims may be stayed on the docket pending proof of exhaustion of state remedies. In all other respects, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 [1]
 Miranda v. Arizona, 384 U.S. 436 (1966)
 
 
 [2]
 In addition to failing factually, Wicker's claim relating to the waiver of his Miranda rights fails to state a recognized legal basis for an award of damages. See Cooper v. Dupnik, 924 F.2d 1520 (9th Cir.1991); Warren v. City of Lincoln, 864 F.2d 1436, 1442 (8th Cir.) (en banc), cert. denied, 490 U.S. 1091 (1989)
 
 
 [3]
 Campbell also raised defenses of waiver and collateral estoppel to these claims. However, under Haring v. Prosise, 462 U.S. 306 (1983), waiver is inapplicable, and the record discloses no actual litigation of these claims giving rise to collateral estoppel