963 F.2d 367
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Billy R. KELLY, Plaintiff-Appellant,
v.
Correctional Officer SNIDER, MCC; Correctional Officer
Shazier, MCC, Defendants-Appellees,
and
MEDICAL ADMINISTRATOR, MCC; John Doe, I, Correctional
Officer; John Doe, II, Correctional Officer; C. E.
Thompson, Warden; M. Rainey, Lieutenant, MCC; J. Tuck,
Sergeant, MCC; L. Hawkins, MCC; Tony W. Goode, Counselor,
MCC; J. Holmes, Counselor, MCC; F. D. Harris, Officer,
MCC; A. Walker, Officer, MCC; Q. EdmonsS, Officer, MCC;
William Clary, Officer, MCC; Loretta House, Nurse, MCC, Defendants.
 No. 91-6340.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 21, 1992
Decided: May 28, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Richard B. Kellam, Senior District Judge. (CA-88-496-N)
 Billy R. Kelly, Appellant Pro Se.
 Robert Harkness Herring, Jr., Assistant Attorney General, Richmond, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before HALL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Billy R. Kelly, an inmate at Virginia's Mecklenberg Correctional Center (MCC) at all times relevant to this action, appeals from the district court's orders awarding him $1200 as compensatory damages, with interest, for the deliberate indifference of defendants Snider and Shazier, denying his request for punitive damages, and granting dismissal or summary judgment to all remaining defendants in this civil rights action under 42 U.S.C. § 1983 (1988). After a thorough review of the record, we affirm in part, vacate in part, and remand for further consideration of Kelly's claim against Defendant Edmunds.
 
 I.
 
 2
 Kelly broke his ankle while playing basketball at MCC at approximately 9:00 a.m. He was immediately taken to the institution's infirmary for treatment and spoke with nurse Reston (now House) upon arrival. Reston did not conduct a thorough examination of Kelly's ankle, but recommended an ice pack and told Kelly to stay off of his foot on the basis of her cursory observations. Kelly walked to and from the infirmary. After returning to his cell, the injury worsened. His ankle became blue and swollen and he began requesting ice, aspirin, and medical assistance from correctional officers Snider and Shazier, who were on duty on the day of this incident. Snider and Shazier refused to provide additional treatment on the basis that Kelly had already seen the institutional nurse. Kelly was eventually taken to a local hospital some twelve hours after the injury, where it was discovered that he had a broken ankle with torn ligaments and tendons.
 
 
 3
 Kelly then filed this civil rights action against correctional officers Snider and Shazier, nurse Reston, MCC's medical administrator, and two unnamed correctional officers, alleging that the Defendants exhibited deliberate indifference to his serious medical needs by failing promptly to treat his broken ankle, in violation of the Eighth Amendment. He later amended his complaint to name several additional defendants, including MCC Warden Thompson; Lieutenants Rainey and Hawkins; Sergeant Tuck; Officers Harris, Walker, Edmunds, and Clary; and Counselors Goode and Holmes, stating several additional claims. All defendants moved for summary judgment or dismissal.
 
 
 4
 The district court granted summary judgment to Reston and the MCC medical administrator after concluding that they did not act with deliberate indifference, but denied Snider and Shazier's request for summary judgment. The court dismissed the deliberate indifference claims against the two unnamed correctional officers for Kelly's failure to identify them, and granted summary judgment or dismissal to all of those Defendants named in Kelly's amended complaint.
 
 
 5
 The Eighth Amendment claims against Snider and Shazier were referred to a magistrate judge for an evidentiary hearing. Each side presented several supporting witnesses. At the conclusion of the hearing, the magistrate judge issued a Report and Recommendation finding that Snider and Shazier acted with deliberate indifference to Kelly's serious medical needs and recommending judgment in favor of Kelly and a compensatory damages award in the amount of $1200 plus post-judgment interest. Both parties objected,[1] and the district court adopted the Report and Recommendation. This timely appeal by Kelly followed.[2]
 
 II.
 
 6
 We turn first to Kelly's claim that the damages award against Snider and Shazier was inadequate. Kelly sought $2000 in compensatory damages and $2000 in punitive damages from both Snider and Shazier. The district court granted a total compensatory damages award of $1200, and denied the request for punitive damages. We must affirm the compensatory damages award unless clearly erroneous, or unless the amount is "so gross or inadequate as to be contrary to right reason." Thompkins v. Belt, 828 F.2d 298, 301 (5th Cir. 1987). Here, the underlying liability concerned the Defendants' deliberate indifference to Kelly's serious medical needs for only a twelvehour period. Although this conduct is regrettable, there is no evidence that Kelly sustained aggravated or ongoing injuries as a result. On these facts, it cannot be said that the district court clearly erred. We therefore affirm the award of compensatory damages.
 
 
 7
 The question of whether to award punitive damages is discretionary. Smith v. Wade, 461 U.S. 30, 52 (1983). We review the district court's decision under an extremely narrow "shocks the conscience" or "manifest abuse of discretion" standard. E.g., Ismail v. Cohen, 899 F.2d 183, 186 (2d Cir. 1990) (reversing lower court's remittitur); McGee v. Hester, 815 F.2d 1193, 1197 (8th Cir.) (punitive award held not excessive), cert. denied, 484 U.S. 963 (1987); Zarcone v. Perry, 572 F.2d 52, 56 (2d Cir. 1978) (same). The district court determined that the facts of this case did not justify an award over and above compensatory damages. This conclusion is amply supported by the record and Kelly has pointed to no facts or circumstances which would draw the district court's decision into question. Finding no manifest abuse of discretion, we affirm the district court's denial of punitive damages.
 
 III.
 
 8
 We turn next to the district court's grant of summary judgment or dismissal to all remaining defendants. With the exception of the district court's grant of summary judgment to Defendant Edmunds, we affirm the district court's dismissal or grant of summary judgment to each of the remaining Defendants on the reasoning of the district court. Because material facts are in dispute with regard to Kelly's claim that Defendant Edmunds intentionally closed an electronically operated steel cell door on his arm,[3] we vacate the district court's grant of summary judgment to Edmunds and remand this claim for further consideration.
 
 
 9
 Summary judgments are reviewed de novo on appeal. Higgins v. E.I. Du Pont De Nemours & Co., 863 F.2d 1162 (4th Cir. 1988); Felty v. Graves-Humphreys Co., 818 F.2d 1126 (4th Cir. 1987). Summary judgment is only appropriate where the record taken as a whole would not allow a rational trier of fact to find for the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). All facts and reasonable inferences must be viewed in the light most favorable to the nonmovant, id., no matter how improbable. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). Summary judgment is not appropriate if the resolution of material issues depends upon credibility determinations. Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979).
 
 
 10
 In this case, the evidence pertaining to Kelly's claim against Edmunds was conflicting. Kelly's allegation was supported by his own affidavit and the affidavits of two fellow inmates. One of those inmates confirmed the occurrence of the incident as described by Kelly; both inmates confirmed Edmunds's comment to the effect that Kelly could "file a grievance" to get his arm out of the door. Kelly also filed an unsuccessful administrative complaint against Edmunds which was made part of this record. Edmunds's affidavit flatly denied that the incident occurred or that she ever retaliated against Kelly.
 
 
 11
 Based on all the evidence, a rational trier of fact could have found that the alleged incident in fact occurred and that it was more than an accident or oversight, as believed by the district court. The district court necessarily had to make a credibility determination in order to reach a decision that Kelly's allegations failed to establish the requisite level of intent. That was improper.
 
 
 12
 Viewing the facts in the light most favorable to Kelly, we hold that his claim against Edmunds, construed either as a retaliation claim or as an Eighth Amendment violation, should have survived summary judgment. We therefore vacate the district court's grant of summary judgment to Edmunds and remand for further consideration of this claim. In all other respects, the district court's decisions are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART, VACATED IN PART AND REMANDED
 
 
 [1]
 Kelly sought additional damages
 
 
 [2]
 Snider and Shazier have not appealed the award of compensatory damages
 
 
 [3]
 Kelly claimed that the alleged conduct by Edmunds was done in retaliation for his filing grievances (a First Amendment claim) and constituted excessive force (an Eighth Amendment violation)