14 F.3d 595
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thelma M. KRABAL, Plaintiff-Appellant,
v.
THE JOHNS HOPKINS UNIVERSITY, Defendant-Appellee.
 No. 93-2087.
 United States Court of Appeals, Fourth Circuit.
 Submitted October 28, 1993.
Decided December 17, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.$ $AT1 Thelma M. Krabal, appellant Pro Se.
 Frederick G. Savage, Associate General Counsel, Eileen Sue Goldgeier, The Johns Hopkins University, forSY D.Md.
 VACATED AND REMANDED.
 Before WILKINSON and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM
 OPINION
 Pro se Plaintiff Thelma M. Krabal appeals from the district court's grant of summary judgment against her in her reverse discrimination suit. A review of the record shows that the Defendant, Johns Hopkins University ("Johns Hopkins"), filed a Rule 12(b)(6) motion upon receipt of Plaintiff's complaint. Thereafter, Plaintiff filed a letter with attachments with the district court. Johns Hopkins then filed a reply brief with affidavits. The district court construed the Defendant's Rule 12(b)(6) motion as a motion for summary judgment without giving notice to the Plaintiff of its intent to do so. Further, Plaintiff was never given Roseboro* notice. This Court held in Davis v. Zahradnick, 600 F.2d 458, 461 (4th Cir.1979), that failure to give either notice is a sufficient basis for remand. Accordingly, we vacate the decision of the district court and remand the case for the proper notice to be given and such further proceedings as may be necessary. We express no views on the merits of the summary judgment issue. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 VACATED AND REMANDED
 
 
 
 *
 Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975)