32 F.3d 564
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Johnathan Lee X, Plaintiff-Appellant,
v.
Irene BRATTEN; Toniv. Bair; John Taylor; Edward W.
Murray; C.D. Larsen; David A. Willams; David L. Smith;
Joe Killeen; Thomas Bullock; Fred W. Greene; Charles
Thompson; Betty Coleman; Faye Newton; Christopher
Watkins; Wayne Sheffield; Tonya Stovall; Joanne Toyster;
O.V. Jones; S. Batton; Miss Hatcher; Mrs. Dougherty;
Lucille Evans; Miss Bower; W.J. Oliver; R. Shaw; H.
Crenshaw, Defendants-Appellees,
and
Oscar Gulmatico, Defendant.
 No. 91-6335.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 12, 1994.
Decided Aug. 8, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CA-89-70-N).
 Johnathan Lee X, Appellant Pro Se.
 Robert Harkness Herring, Jr., Asst. Atty. Gen., Richmond, VA, for appellees.
 E.D.Va.
 VACATED AND REMANDED.
 Before HALL, Circuit Judge, and PHILLIPS and SPROUSE, Senior Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Johnathan Lee X appeals the district court's order granting summary judgment in favor of the Defendants in his 42 U.S.C. Sec. 1983 (1988) action. Because the district court failed to give X notice of the pending motion and an opportunity to file a response and supporting materials, we vacate the district court's order and remand for further proceedings.
 
 
 2
 * X alleged in his verified complaint that he was "expose[d], whenever he used the commode and or showered, to the view of female guards." He made several more specific allegations. Particularly, he alleged that Officer Faye Newton "closely scrutinized plaintiff's physical form," and Officer Tonya Stovall "kept her eyes lustfully fixed on plaintiff" from the control box on several occasions as he went to and from the shower (wearing a towel) and while he showered.
 
 
 3
 X also claimed that a female guard, Officer Irene Bratten, was present during a strip search on January 20, 1987. X claimed that he initially resisted the search because Bratten was present. However, he was strip searched by several male guards. X claimed that during the strip search Bratten "was standing off looking and disapprovingly shaking her head from side to side."
 
 
 4
 The Defendants alleged that female guards were not allowed to conduct pat down or strip searches of male inmates, nor could they escort male inmates to the shower area. They admitted that female guards were allowed to conduct counts. They pointed out that X did not allege that a female guard ever personally conducted a strip search, and further stated that if female guards were present when strip searches were conducted, or if they happened to see a naked inmate during a count, such circumstances were merely accidental and did not constitute violations of the inmates' rights.
 
 
 5
 The district court granted summary judgment in favor of the Defendants on all of X's claims. This Court affirmed the district court's dismissal of X's claims regarding being seen by female guards while he was partially dressed or clad in a towel, as well as the claims relating to female guards seeing X on an occasional, accidental basis while he was nude. However, the district court's order dismissing X's claims that female guards saw him while he showered and during a strip search was vacated and remanded for further proceedings.[1]
 
 II
 
 6
 On remand, the district court entered an order allowing all parties to submit additional pleadings addressing the issue on remand.[2] The Defendants submitted a motion for summary judgment; the motion was supported by affidavits. Three female guards mentioned in X's complaint filed affidavits in which they denied having seen X nude on any occasion. The Defendants also submitted an affidavit from a male guard who was present at the time of the strip search X com plained about. All of the guards stated that strip searches were conducted outside of the presence of female guards, and that the shower stalls all had curtains which the inmates could close if they chose to do so.[3] Further, Bratten stated in her affidavit that during the January 20, 1987, strip search of X, she was down the corridor in the shower stall with her back to X so she could not see the search.
 
 
 7
 The district court granted the Defendants' motion for summary judgment five days after it received the Defendants' motion for summary judgment and affidavits (the first order). The court did not give X an opportunity to file opposing affidavits or other pleadings prior to its entry of summary judgment.
 
 
 8
 X appealed; he complained in his notice of appeal that the district court did not allow him to respond to the Defendants' pleadings. The court construed the notice of appeal as a motion for reconsideration under Fed.R.Civ.P. 59(e). The court reopened the case and offered X the opportunity to file additional pleadings. However, X did not file any additional pleadings, and the court again entered summary judgment in favor of the Defendants (the second order).
 
 
 9
 X noted an appeal of the district court's second order. In that notice of appeal he stated that he did not receive either the notice that the district court had granted him an opportunity to respond to the Defendants' motion for summary judgment and affidavits or the district court's second order granting summary judgment to the Defendants. That notice of appeal was filed beyond the appeal period.
 
 III
 
 10
 The first issue on appeal is whether the district court correctly construed X's first notice of appeal as a motion for reconsideration under Fed.R.Civ.P. 59(e). We hold that the district court incorrectly construed the notice of appeal as a rule 59 motion. The notice does not refer to rule 59, nor does it contain a request for reconsideration.
 
 
 11
 Because the notice of appeal should have been considered a notice of appeal and not a motion for reconsideration, the appeal before the Court is a timely challenge to the district court's first order granting summary judgment to the Defendants.
 
 IV
 
 12
 The next issue is whether the district court properly granted summary judgment to the Defendants without offering X an opportunity to respond, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975). This Court held in Roseboro that a pro se litigant must be given notice of a motion for summary judgment, an opportunity to file affidavits and pleadings in opposition to the motion, and a warning that failure to file affidavits in opposition to the motion could result in a grant of summary judgment for the moving party. 528 F.2d at 310; see Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir.1979). In this case, the district court entered summary judgment in favor of the Defendants just five days after the motion for summary judgment and accompanying affidavits were filed, allowing X no opportunity to file his own affidavits and pleadings in opposition to the motion. Because X's claims in his verified complaint arguably state a claim, the district court erred in granting summary judgment in the absence of Roseboro notice.[4]
 
 V
 
 13
 The female guards stated in their affidavits that they were required to watch inmates while they showered, but that the inmates were concealed by shower curtains. X did not specify in his verified complaint whether there were shower curtains which concealed him from the view of female guards; rather, he contended only that Officers Newton and Stovall, both females, could see him while he showered. However, if X were given a chance to respond to the Defendants' affidavits, it is possible that he could submit an affidavit which would create a genuine issue of material fact regarding this allegation. The Defendants' affidavits would not be sufficient to refute a sworn assertion by X to the contrary. Davis, 600 F.2d at 460. Therefore, the district court's failure to give Roseboro notice was not harmless as to the claim that female guards watched X while he showered.
 
 VI
 
 14
 Finally, even if Roseboro notice had been given and X had submitted no further materials, his allegations contained in the verified complaint are sufficient to create a genuine issue of material fact on one of his claims. See Williams v. Griffin, 952 F.2d 820, 823, (4th Cir.1991) (verified complaint carries same weight as affidavit if based on matters within affiant's personal knowledge). This Court has held that prisoners are not to be viewed while they are undressed by guards of the opposite sex when not reasonably necessary. Lee v. Downs, 641 F.2d 1117 (4th Cir.1981). "[M]ale prisoners are also entitled to judicial protection of their right of privacy denied by the presence of female guards stationed in positions to observe the men while undressed or using toilets." 641 F.2d at 1120; see also Canedy v. Boardman, 16 F.3d 183, 187 (7th Cir.1994) (cross-gender strip searches of inmates or regular exposure of nude inmates to guards of the opposite sex violates inmates' privacy rights).
 
 
 15
 X contended in his verified complaint that Bratten "was standing off looking and disapprovingly shaking her head from side to side" during the January 20 strip search. Bratten contended that she moved away and turned her back to avoid seeing the strip search. X's allegation that Bratten watched the strip search is a matter within his personal knowledge, and it is sufficient to state a claim for relief. The contradictory assertions of X and Bratten create a genuine issue of material fact which can only be resolved with a credibility determination; this should in itself have precluded entry of summary judgment in favor of the Defendants on this claim. Davis, 600 F.2d at 460.
 
 Conclusion
 
 16
 Because X was not given an opportunity to respond to the Defendants' motion for summary judgment and supporting affidavits prior to entry of judgment, we vacate the district court's order and remand the case for additional proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 17
 VACATED AND REMANDED.
 
 
 
 [1]
 X's complaint contained numerous other prison condition claims. However, this Court affirmed the district court's grant of summary judgment in favor of the Defendants on those claims in a prior appeal. X v. Gulmatico, No. 90-6570(L) (4th Cir. May 15, 1991) (unpublished)
 
 
 [2]
 The district court did not warn X that failure to file any affidavits or other pleadings could result in judgment for the Defendants
 
 
 [3]
 According to the Defendants' affidavits, guards were required to watch the showers to ensure that there was only one inmate in each stall at any given time. However, the shower curtain, if used, covered the area from the inmate's neck to his calves
 
 
 [4]
 Although X failed to respond to the district court's order reopening the case and allowing him to file additional pleadings, this failure does not lead to the conclusion that X could not have responded to the Defendants' motion for summary judgment if he had been given proper Roseboro notice. First, the district court's order reopening the case and allowing X to file additional documents was improperly entered, and the succeeding events are not before the Court. Further, X contended in his second notice of appeal that he did not respond to the district court's order because he did not receive that order