46 F.3d 1126
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Darnell ROBERTS, Plaintiff-Appellant,
v.
COUNTY COMMISSIONERS of CECIL COUNTY; Sheriff Kennedy;
Chief Lough; Jeffery Clewer, Director of Corrections;
Administration of Cecil County; Francis X. Equale, Deputy;
Corporal Brown, Defendants-Appellees.
 No. 93-6576.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 21, 1993.
Decided Jan. 24, 1995.
 
 Robert Darnell Roberts, Appellant Pro Se. Daniel Karp, ALLEN, JOHNSON, ALEXANDER & KARP, Baltimore, MD, for Appellees.
 Before HAMILTON and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Robert Roberts appeals from the district court's order denying relief on his 42 U.S.C. Sec. 1983 (1988) complaint. Roberts, then a pretrial detainee, filed a complaint pursuant to 42 U.S.C. Sec. 1983 claiming excessive use of force. He sought money damages in the amount of $6,700,000, and a federal investigation of Defendants.
 
 
 2
 Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, attaching affidavits from the officers involved, and medical records from the incident. Roberts was sent a Roseboro notice. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir.1975). In response, Roberts filed an unsworn memorandum to which he attached copies of incident reports from the various officers involved. Defendants filed additional affidavits in support of their motion.
 
 
 3
 The district judge construed Defendants' motion as one for summary judgment, and granted the motion. From that judgment, Roberts timely appeals. For the reasons set forth below, we vacate the district court's order and remand the case for further proceedings.
 
 
 4
 Summary judgment is appropriate only when there is no genuine issue of material fact that could lead a trier of fact to find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "In determining whether to grant summary judgment, all justifiable inferences must be drawn in favor of the non-movant." Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir.1990) (citing Anderson, 477 U.S. at 255). The non-movant is entitled "to have the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, [and] all internal conflicts [ ] resolved favorably to him." Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir.1979). This Court reviews de novo a district court's grant of summary judgment. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir.1988).
 
 
 5
 To succeed on his claim of excessive force, Roberts must show that Defendant Equale "inflicted unnecessary and wanton pain and suffering." Whitley v. Albers, 475 U.S. 312, 320 (1986). The proper inquiry is whether the force applied was "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033 (1973)); see United States v. Cobb, 905 F.2d 784, 788-89 (4th Cir.1990), cert. denied, 498 U.S. 1049 (1991) (while right to be free of excessive force for pre-trial detainees is secured by Due Process Clause, standard is same as that for convicted prisoners under the Eighth Amendment).
 
 
 6
 In granting summary judgment for Defendants, the district court held that Roberts had not raised a genuine issue of material fact as to whether Equale used excessive force against him. The district judge stated that in response to Defendants' motion, Roberts simply submitted conclusory statements insufficient to impeach Defendants' submissions.
 
 
 7
 This Court has held that a plaintiff can rely on his pleadings to the extent that they are verified. Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir.1979). Here, Roberts filed a verified complaint containing factual allegations establishing a prima facie case for relief under 42 U.S.C. Sec. 1983. Defendants' affidavits in support of the summary judgment motion contained a contrary version of the facts. In this situation, an opposing affidavit from Roberts is unnecessary to preserve an issue when it would merely be repetitive of the verified complaint which contains sufficiently detailed facts.
 
 
 8
 Roberts alleged in his verified complaint that Deputy Equale came into his cell while he was trying to sleep, and attempted to choke him and break his neck in response to offensive comments Roberts made prior to entering his cell. The Defendants contended that Roberts was physically and verbally abusive, and that they restrained him to prevent him from injuring himself or the guards. Roberts's version of the incident supports a reasonable inference that Equale provoked the attack against him for no reason other than that Roberts swore at the other officer and made unkind statements about the officer's mother. Verbal provocation alone is not sufficient to warrant use of force.
 
 
 9
 Miller v. Leathers, 913 F.2d 1085, 1089 (4th Cir.1990) (in banc), cert. denied, 498 U.S. 1109 (1991); see also, United States v. Cobb, 905 F.2d at 789 (applying standard set forth in Miller to pre-trial detainees).
 
 
 10
 However, after this case was decided by the district court, this Court's opinion in Norman v. Taylor, 25 F.3d 1259 (4th Cir.1994), was handed down. In that case, we concluded that if the summary judgment materials fail to contain "facts from which one could reasonably infer that [the Petitioner] was injured in more than a de minimis way" by the force exerted by the Defendant, "any force used [by the Defendant] was de minimis and thus could not have violated the Eighth Amendment." Id. at 1262.
 
 
 11
 Here, according to Roberts, Equale choked him and twisted his head. While Equale denied ever striking Roberts, medical reports submitted as part of the summary judgment materials reveal some injury. Accordingly, we vacate the district court's grant of summary judgment and remand this case to the district court for further findings in light of Norman v. Taylor.
 
 
 12
 Because there are no complex or substantial issues presented in this appeal, we deny Appellant's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 13
 VACATED AND REMANDED.