**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

YAHYA ABDUSSAMADI,
Petitioner-Appellant,

v.                                                                    No. 99-6225

BILLY VANDIFORD,
Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-98-96-5-BO)

Submitted: July 27, 1999

Decided: August 11, 1999

Before HAMILTON, LUTTIG, and KING, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Yahya Abdussamadi, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Yahya Abdussamadi appeals from the district court's order granting summary judgment for the Respondent and denying relief on his 28 U.S.C. § 2241 (1994) petition.* Prior to entry of summary judgment, the district court failed to provide Abdussamadi with notice that the Government's motion to dismiss was being construed as a motion for summary judgment, and an opportunity to respond to the summary judgment motion. See Fed. R. Civ. P. 12(b); Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1471-72 (4th Cir. 1991); Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979). This was error. The district court's omission of the notice required under Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), also constituted error. Therefore, we vacate the judgment of the district court and remand for issuance of the required notices and further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

_____

*Although the United States was not listed on the district court docket sheet as a party, the United States responded to Abdussamadi's petition in the district court. Further, Abdussamadi's suit is a challenge to a federal detainer. Therefore, we consider the United States as the real party in interest and accordingly find that Abdussamadi's notice of appeal was timely. See Fed. R. Civ. P. 15(b); Fed. R. App. P. 4(a)(1)(B).