UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

No. 02-6098

DANA LEONARD FISHER,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CR-98-67, CA-01-130)

Submitted: July 25, 2002

Decided: August 28, 2002

Before WILKINS, MICHAEL, and MOTZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

Dana Leonard Fisher, Appellant Pro Se. Laura Marie Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Dana Leonard Fisher seeks to appeal the district court's order denying his motion filed under 28 U.S.C. § 2255 (2000).* Fisher limits his appeal to his claim that counsel rendered ineffective assistance by failing to pursue guilty plea negotiations with the Government, failing to explain the impact of the United States Sentencing Guidelines prior to the trial, and improperly advising him regarding the possible term of imprisonment he faced.

The Government and Fisher presented conflicting affidavits regarding whether counsel entered into plea negotiations, presented the Government's plea offer to Fisher, explained the impact of the Guidelines, or accurately estimated Fisher's sentencing exposure. Fisher's affidavits created a genuine issue of material fact with respect to counsel's advice regarding the contested matters. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Accordingly, a hearing was required to resolve the credibility disputes created by the parties' conflicting affidavits. Rule 8, Rules Governing Section 2255 Proceedings; *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979); *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). The district court did not conduct such a hearing.

Accordingly, we grant a certificate of appealability and vacate the district court's order dismissing Fisher's claim relating to the sufficiency of counsel's advice regarding a guilty plea, the application of the Guidelines, and Fisher's sentencing exposure. We remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

*The district court's order denying the § 2255 motion was entered on the docket on September 7, 2001. The court never entered its judgment on a separate document, contrary to the requirements of Fed. R. Civ. P. 58. As a result, the time limit for noting an appeal never began to run. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384-85 (1978). We accordingly deem the appeal timely.