**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-1033**

_____

GEORGE A. BROOKS; BROOKS INDUSTRIES, INC.,

Plaintiffs - Appellants,

versus

MOTSENBOCKER ADVANCED DEVELOPMENTS, INC.;
GREGG A. MOTSENBOCKER; SKIP A. MOTSENBOCKER,

Defendants - Appellees.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Alexander Williams, Jr., District Judge.
(8:06-cv-01024-AW)

_____

Submitted: July 20, 2007          Decided: August 2, 2007

_____

Before TRAXLER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Michael J. Trevelline, Washington, D.C., for Appellants. Patrick D.
Webb, WEBB & CAREY, San Diego, California; Aaron J. Snow, BOIES,
SCHILLER & FLEXNER, LLP, Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George A. Brooks ("Brooks") and Brooks Industries, Inc. (collectively "Plaintiffs") sued Motsenbocker Advanced Developments, Inc. ("Motsenbocker"), Gregg A. Motsenbocker ("Gregg"), and Skip Motsenbocker (collectively "Defendants"), for breach of contract, misrepresentation, and related claims. Plaintiffs are located in Maryland and the Defendants in California. Brooks alleged by affidavit that Gregg traveled to Maryland and made him the exclusive nationwide sales representative for some of its products. Under the agreement reached, Brooks alleged he was to receive a percentage of sales of the products as a commission. Defendants moved to dismiss the action for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Defendants supported their motion with a sworn declaration from Gregg, President of Motsenbocker, specifically denying that he had ever traveled to Maryland to meet with Brooks or had agreed to make him a sales representative for its products.

The district court held a hearing on the motion and listened to the arguments of counsel; the hearing, however, did not include any witness testimony or otherwise resolve the factual dispute between Brooks and Gregg regarding the disputed meeting and agreement reached while in Maryland. Thereafter, the district court issued a written memorandum granting Defendants' motion to dismiss and finding that Brooks failed to prove the existence of

personal jurisdiction by a preponderance of the evidence.  Brooks timely appeals.  For the reasons that follow, we vacate and remand.

When a defendant files a motion to dismiss under Fed. R. Civ. P. 12(b)(2), challenging the court's personal jurisdiction, the question is one for the judge and the plaintiff, as the party invoking the court's jurisdiction bears the burden of establishing the necessary jurisdictional facts, e.g. the existence of minimum contacts between the defendant and the forum state.  Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); see Myland Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 59-60 (4th Cir. 1993).  Where the jurisdictional facts are disputed, however, the court may either resolve the issue in a separate evidentiary hearing or defer ruling pending receipt at trial of evidence relevant to jurisdiction. Combs, 886 F.2d at 676.  If the court rules on the basis of the motion papers alone, the plaintiff need only make a prima facie showing of a sufficient jurisdictional basis.  Id.  The court, in deciding whether a plaintiff has met this burden, must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction. Id.; Wolf v. Richmond County Hosp. Auth., 745 F.2d 904, 908 (4th Cir. 1984).

Here, the district court ruled only on the papers before it, but required Brooks to prove jurisdiction by a preponderance of the evidence in violation of Combs.  See Combs, 886 F.2d at 676.

- 3 -

Moreover, summary disposition should not be made based on conflicting affidavits. See Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979) (summary judgment is inappropriate when affidavits present conflicting facts requiring credibility determinations). Rather, because the jurisdictional facts were disputed by conflicting sworn documents, the court should have either resolved the issue in a separate evidentiary hearing or deferred ruling pending receipt at trial of evidence relevant to jurisdiction. Combs, 886 F.2d at 676.

Accordingly, we vacate the district court's order granting Defendants' motion to dismiss under Rule 12(b)(2) and remand for proceedings consistent with this opinion. We decline to address the other issues raised on appeal and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED