**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 16-6783**

---

SURRELL MONTIA DUFF,

　　　　　Plaintiff – Appellant,

　　v.

CHRIS POTTER, Correctional Officer at Buncombe County
Detention Facility; ROBERT MANGUM, Correctional Officer at
Buncombe County Detention Facility; WILLIAM BAXTER,
Correctional Officer at Buncombe County Detention Facility;
THOMAS SCHINDLER, Correctional Officer at Buncombe County
Detention Facility,

　　　　　Defendants - Appellees.

---

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.　Frank D. Whitney,
Chief District Judge. (1:15-cv-00026-FDW)

---

Submitted: October 31, 2016　　　　Decided: November 3, 2016

---

Before DUNCAN and WYNN, Circuit Judges, and DAVIS, Senior
Circuit Judge.

---

Affirmed in part; vacated and remanded in part by unpublished
per curiam opinion.

---

Surrell Montia Duff, Appellant Pro Se. Thomas Joseph Doughton,
DOUGHTON RICH BLANCATO, PLLC, Winston-Salem, North Carolina, for
Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Surrell Duff appeals from the district court's order granting summary judgment to Defendants in Duff's 42 U.S.C. § 1983 (2012) complaint alleging the use of excessive force in violation of the Eighth Amendment and deliberate indifference to serious medical needs. On appeal, Duff solely challenges the district court's grant of summary judgment to Defendants Potter, Mangum, and Baxter on the excessive force claim. He argues primarily that the court erred in determining that there were no genuine dispute of material fact because he did not provide an affidavit or other supporting material opposing the motion to dismiss.

Duff, now a federal inmate housed in Florida, filed a 42 U.S.C. § 1983 action against four Buncombe County, North Carolina, correctional officers related to an incident at the county detention facility where Duff had been a pretrial detainee. Defendants filed a motion for summary judgment. Duff received Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) notice. Duff filed a brief in response opposing summary judgment and also filed a motion to dismiss the motion for summary judgment. The court granted the Defendants' motion for summary judgment, noting that Duff's brief "was not accompanied by any sworn affidavits, or any other type of evidence that would be admissible on summary judgment."

3

"We review de novo a district court's award of summary judgment, viewing the facts and inferences reasonably drawn therefrom in the light most favorable to the nonmoving party." Woollard v. Gallagher, 712 F.3d 865, 873 (4th Cir. 2013). "Summary judgment is appropriate only if the record shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(a)). The relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). We will uphold the district court's grant of summary judgment unless we find that a reasonable jury could return a verdict for the non-moving party on the evidence presented. See EEOC v. Cent. Wholesalers, Inc., 573 F.3d 167, 174-75 (4th Cir. 2009).

Summary judgment "should be granted only when it is perfectly clear that no issue of material fact exists." Haulbrook v. Michelin N. Am., 252 F.3d 696, 702 (4th Cir. 2001). A "verified complaint" is the equivalent of an opposing affidavit for summary judgment purposes. World Fuel Servs. Trading, DMCC v. Hebei Prince Shipping Co., 783 F.3d 507, 516 (4th Cir. 2015); see also Davis v. Zahradnick, 600 F.2d 458, 459-60 (4th Cir. 1979) (holding that factual allegations

4

contained in a verified complaint that conflict with affidavits supporting motion for summary judgment established a prima facie case under § 1983, so as to preclude summary judgment). Duff's complaint included a statement under 28 U.S.C. § 1746 (2012) that the contents were true and correct. "[W]here affidavits present conflicting versions of the facts which require credibility determinations, summary judgment cannot lie." Raynor v. Pugh, 817 F.3d 123, 130 (4th Cir. 2016) (internal quotation and citation omitted). Thus, Duff's statements in his complaint should have been considered by the court as admissible evidence rebutting the Defendants' evidence. It is clear that the district court did not do so, and to the extent that it may have, it resolved the factual disputes in favor of the moving party.

Turning to what Duff must prove to succeed on his excessive force claim, it is well established that the Due Process Clause of the Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment," Graham v. Connor, 490 U.S. 386, 395 n.10 (1989), and is not "an incident of some other legitimate governmental purpose." Bell v. Wolfish, 441 U.S. 520, 538 (1979). In Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015), however, the Supreme Court held that a plaintiff must demonstrate "only that the force purposely or knowingly used against him was objectively

5

unreasonable." 135 S. Ct. at 2473. In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham, 490 U.S. at 396).

Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. Kingsley, 135 S. Ct. at 2473. Because the standard is an objective one, the court is not concerned with the officers' motivation or intent. See, e.g., Clay v. Emmi, 797 F.3d 364, 370 (6th Cir. 2015). Moreover, it is appropriate to determine whether the force used was objectively reasonable in "full context," as a segmented view of the events "misses the forest for the trees." Smith v. Ray, 781 F.3d 95, 101 (4th Cir. 2015) (brackets and internal quotation marks omitted).

Viewed from this legal lens, in the light most favorable to Duff, and to the extent supported by the record, we conclude

6

that the district court erred in determining that a genuine dispute of material fact did not exist as to the excessive force claim. Because Duff's verified complaint acts as an opposing affidavit, there are several factual disputes: whether Duff refused to remove his hands from his jumpsuit; whether Duff made an aggressive move towards the officers; whether Duff's head was accidentally pushed into the wall while resisting, causing injury, or whether the officers carried out a more directed and significant physical altercation; whether Duff resisted officers when they attempted to secure him; and the severity of Duff's injuries. These factual disputes must be resolved to assess the Kingsley factors of need for the use of force and how much force was used, extent of Duff's injuries, any effort made by an officer to limit the amount of force used, the threat reasonably perceived by the officers, and whether Duff was actively resisting. See Kingsley, 135 S. Ct. at 2473.

Duff's version of events in his verified complaint is significantly different from the Defendants' version. Although the Defendants submitted affidavits and support for the motion for summary judgment, the court may not consider these materials in a vacuum. The court must view the facts and inferences drawn from the facts in Duff's favor. The record before this court does not conclusively establish that the district court complied with these mandates. Accordingly, we vacate and remand the

7

order as to the excessive force claims against Defendants Potter, Mangum, and Baxter for further proceedings.

We affirm the portion of the district court order granting summary judgment to Defendant Schindler on the deliberate indifference to a serious medical need claim. Duff did not address this claim in his informal brief. Even affording Duff's informal brief liberal construction, Duff has failed to challenge this district court ruling. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (instructing courts to construe pro se documents liberally). Accordingly, we conclude that Duff has forfeited appellate review of the court's order as to deliberate indifference to a serious medical need. See 4th Cir. R. 34(b) ("The Court will limit its review to the issues raised in the informal brief."); Jackson v. Lightsey, 775 F.3d 170, 177 (4th Cir. 2014) (noting importance of Rule 34(b)).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;<br>VACATED AND REMANDED IN PART