**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

No. 22-6064

─────────────

DONOVAN MOENELL WILLIAMS,

Plaintiff – Appellant,

v.

STATE OF NORTH CAROLINA; SERGEANT KINCAID, Wake County Sheriff's Office; GARCIA, Head of RPD Gang Unit; PAUL RIDGEWAY, Senior Resident Superior Court Judge - Wake County; JUDGE HOLT, Wake County Judge; DOCTOR UMESI, Wake County Jail Doctor; SHENTA JACKSON-WALTON, Former Wake County ADA; GERALD BAKER; CAPTAIN ANDERSON; OFFICER AIELLOS; DIRECTOR JACKSON; OFFICER EJ GILES, JR.; MAJOR GLENN,

Defendants – Appellees.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:21-ct-03174-D)

─────────────

Submitted:  June 30, 2022                              Decided:  August 19, 2022

─────────────

Before WYNN and DIAZ, Circuit Judges, and FLOYD, Senior Circuit Judge.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

Donovan Moenell Williams, Appellant Pro Se.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donovan Moenell Williams appeals the district court's order dismissing his 42 U.S.C. § 1983 complaint under 28 U.S.C. § 1915A(b).  Because the district court erred in dismissing Williams's excessive-force claims—and it's unclear whether the court declined to exercise supplemental jurisdiction over a state-law claim as a result—we vacate and remand those claims for further proceedings.  We discern no error in the district court's disposition of Williams's remaining claims, so we otherwise affirm.

We review a district court's dismissal under § 1915A for failure to state a claim de novo.  *Wilcox v. Brown*, 877 F.3d 161, 166 (4th Cir. 2017).  A plaintiff states a claim "when he alleges facts allowing the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (cleaned up).  At this stage, we construe all factual allegations in the light most favorable to Williams. *Id.*  And because he's a pro se litigant raising civil rights issues, we "must construe pleading requirements liberally." *Id.*

Williams's § 1983 complaint alleged, among other things, various constitutional violations while he was a pretrial detainee at the Wake County Detention Center and the Wake County Public Safety Center. *See Williams v. North Carolina*, No. 21-CT-3174, 2022 WL 167566, at *1–*2 (E.D.N.C. Jan. 7, 2022).  Though his amended complaint alleged claims against eight current or former jail or sheriff's office employees, we focus on his claims against Sergeant Kincaid and Officer Giles.

Williams alleged that Kincaid, a former sergeant at the Wake County Public Safety Center, "sprayed ventilation with mace which created a gas chamber effect for [four] days." *Id.* at *3.  Williams claimed that Giles, a deputy officer of the Wake County Sheriff's

2

Office, "cuffed [Williams] so tight that he is permanently scarred." *Id.* According to Williams, Giles "arbitrarily assaulted him in violation of prison policy [and] capriciously told [Williams] to lay flat to suffocate him while [Williams] complained that [he] could not breathe." *Id.* Williams also alleged that Giles violated his rights under the North Carolina Constitution. *See id.*

To state a § 1983 claim, Williams had to plead that a person deprived him of "a right secured by the constitution or a federal statute" while "acting under color of state law." *Campbell v. Florian*, 972 F.3d 385, 392 n.5 (4th Cir. 2020). While Williams didn't state as much, we construe his claims against Kincaid and Giles as alleged violations of the Due Process Clause of the Fourteenth Amendment, which "protects a pretrial detainee from the use of excessive force that amounts to punishment." *Duff v. Potter*, 665 F. App'x 242, 244 (4th Cir. 2016) (quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)); *see also Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 540 n.4 (4th Cir. 2017) ("[C]ourts [] liberally construe[] complaints even where pro se plaintiffs do not reference any source of law . . . or where they cite the wrong part of the Constitution." (cleaned up)).

So to state his excessive-force claims, Williams had to allege "only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). The court must make this reasonableness determination from the perspective of a reasonable officer at the scene, without hindsight, while accounting for "the legitimate interests that stem from the government's need to manage the facility in which the individual is detained." *Id.* at 397 (cleaned up).

3

Here, the district court apparently dismissed Williams's mace-spraying claim against Kincaid for failure to state a state-law violation or a respondeat superior claim. *Williams*, 2022 WL 167566, at *3. For Giles, the court found that Williams's failure to provide a date of the alleged assault was fatal. *See id.* But under the liberal construction we afford to pro se litigants, we conclude that Williams's excessive-force claims against Kincaid and Giles survive § 1915A review.

For one, the district court erred in reading Williams's mace-spraying claim against Kincaid as one under state-law or a respondeat superior theory. Williams alleged that Kincaid himself "sprayed [a] ventline with mace which created a gas chamber effect for [four] days." E.R. 110.* Though Williams didn't say it was *his* ventline that Kincaid sprayed, his informal brief confirms it was. *See* Informal Br. at 2. In any event, we can reasonably infer the same from the amended complaint. And liberally construing the facts, "there is little room for us to determine that the use of force could have been justified." *McFarlin v. Penzone*, 848 F. App'x 695, 698 (9th Cir. 2021) (reversing § 1915A dismissal of excessive-force claim).

Next, the district court's dismissal of Williams's claim against Giles for failure to provide the date of the alleged assault demanded too much at the pleading stage. The lack of a date is insufficient alone to defeat an otherwise well-pleaded claim. *See Wilcox*, 877 F.3d at 166 (explaining that a plaintiff need only allege facts to permit a "reasonable inference that the defendant is liable for the misconduct alleged" to survive dismissal

---

* Citations to "E.R." refer to the electronic record filed in this court.

4

(cleaned up)).   Williams not only alleged that Giles suffocated him and left him "permanently scarred," but also that Giles's assault violated the facility's policies. *See* E.R. 110.   We again fail to see how this allegedly unsanctioned use of force could be justified on the facts before us.

In short, the district court erred in dismissing Williams's excessive-force claims against Kincaid and Giles.   We vacate and remand those claims to the district court for further proceedings.   And because it's unclear whether the district court dismissed Williams's state-constitution claim against Giles for lack of supplemental jurisdiction, we vacate and remand that claim, too. *See Williams*, 2022 WL 167566, at *3.   On Williams's remaining claims, we affirm.   We deny Williams's motions for en banc hearing, an evidentiary hearing, to expedite, and to add evidence.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*